IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KANO LABORATORIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:12-cv-01209 |
| | ) |
| CLENAIR MANUFACTURING, INC., | ) MAGISTRATE JUDGE BRYANT |
| | ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. **Jurisdiction.**

Plaintiff filed its Complaint on November 30, 2012. This Court has subject matter jurisdiction under 15 U.S.C. § 1121. Subject matter jurisdiction is not disputed. Defendant filed a Motion to Dismiss on January 14, 2013 and has not filed an Answer. The parties have agreed to extend the time for Plaintiff to file its Response to the Motion to Dismiss to February 4, 2013.

2. **Plaintiff's theory of the case:**

Kano Laboratories is a manufacturer of various penetrating oil products used to liberate frozen metal parts in mechanical and industrial uses, labeled for sale as "Kroil." Kano distributes its products nationally and internationally and has used its unique trade dress and trademarks since 1939. Kano manufactures an aerosolized version of Kroil called "Aerokroil," a version of Kroil containing silicone, called "Silikroil," and "Penephite," a penetrating oil with graphite. Kano is the owner of several federally registered trademarks and utilizes specific trade dress for

514311-02
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 1 of 9 PageID #: 200
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 1 of 9 PageID #: 210

its products, such that Aerokroil is frequently requested by consumers as "the penetrating oil in the orange can."

ClenAir has been a distributor of Kano products, including Aerokroil. ClenAir has begun manufacturing, advertising, and selling a competing penetrating oil product called "Penetroil." ClenAir's Penetroil product has adopted substantially similar trade dress to that of Kano products. Penetroil is distributed by ClenAir under the product code "AK12," while Kano's Aerokroil products are also distributed by ClenAir with the "AK" product code prefix. ClenAir has represented Penetroil as an Aerokroil replacement. ClenAir has also represented to purchasers that it manufactured Aerokroil, but is now manufacturing Penetroil. ClenAir, as an Aerokroil distributor, has taken various actions to mislead and confuse consumers, including altering the Aerokroil label on cans of Aerokroil, removing the Kano Laboratories contact information and representing ClenAir as the manufacturer.

Kano has received phone calls and e-mails from potential customers asking, among other related inquiries, (1) if Kano had been sold to ClenAir, (2) if Aerokroil had been discontinued, (3) if Penetroil is a Kano product, and (4) if Penetroil was truly an Aerokroil replacement. Kano believes that ClenAir has undertaken a deliberate scheme to confuse and defraud consumers by representing that it manufactures Kano Products, and that it has "upgraded" its production of Aerokroil to Penetroil, so as to usurp Aerokroil's market position. Customers in Tennessee have ordered Penetroil from suppliers, believing that Penetroil was either manufactured by Kano or a replacement for Aerokroil and have ordered Aerokroil and been shipped Penetroil. Through these acts, ClenAir has deliberately caused consumer confusion and is liable under federal and state trademark law and state unfair competition law.

514311-02                                  - 2 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 2 of 9 PageID #: 201
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 2 of 9 PageID #: 211

3. **Defendant's theory of the case:**

Plaintiff Kano Laboratories, Inc. ("Kano") commenced the instant action against Defendant ClenAir Manufacturing, Inc. ("ClenAir") on November 20, 2012, alleging causes of action for trademark infringement, trade dress infringement, false designation of origin and false advertising, and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"); copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); trademark infringement in violation of the Tennessee Trademark Act, Tenn. Code Ann. § 47-25-501 *et seq.* (the "Tennessee Trademark Act"); unfair business practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104 *et seq.* (the "TCPA"); and trademark infringement under Tennessee common law. ClenAir has moved to dismiss Kano's Verified Complaint for Injunctive Relief and Damages (the "Complaint") in its entirety. As grounds for dismissal, ClenAir asserts that the Complaint is legally and facially deficient and must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

First, ClenAir contends that Counts I, III, IV, VI, VII and VIII of the Complaint must be dismissed pursuant to Rule 12(b)(1) because Kano lacks standing to assert such claims. Kano has not alleged that ClenAir's "Penetroil" mark infringes any registered trademark owned by Kano; instead, Kano alleges only that ClenAir infringes "an amalgamation of Plaintiff's 'Aerokroil' and 'Penephite' trademarks." (Compl. ¶ 17.) Because Kano has no cognizable or protectable interest in an "amalgamation," Kano lacks standing to assert any claims based on the alleged infringement of such amalgamation.

ClenAir has also moved to dismiss Count I of the Complaint to the extent such claim is premised on Kano's alleged trade dress. A claim for trademark infringement under § 1114 of the

514311-02 - 3 -
Case 3:12-cv-01209 Document 15 Filed 01/28/13 Page 3 of 9 PageID #: 202
Case 3:12-cv-01209 Document 17 Filed 01/31/13 Page 3 of 9 PageID #: 212

Lanham Act limits standing to the "registrant" of a valid mark. Kano has not alleged that it owns any federally-registered trade dress. Therefore, Count I must be dismissed.

Similarly, ClenAir has moved to dismiss Kano's claim for trademark infringement under the Tennessee Trademark Act because Kano has not registered any mark or trade dress with the Tennessee Secretary of State. As a result, Kano lacks standing to assert a claim under the Tennessee Trademark Act and Count VI of the Complaint must be dismissed.

ClenAir also seeks dismissal of Kano's claim for copyright infringement pursuant to Rule 12(b)(6). Kano has not alleged that it has sought federal copyright registration of its work (described by Kano as consisting solely of its alleged trade dress elements (the "Kano Design Elements")) as required by 17 U.S.C. § 411(a). Therefore, Kano has failed to meet a necessary precondition to filing suit, and its copyright claim must be dismissed for failure to state a claim.

Finally, ClenAir moves for dismissal of Counts II, III, IV, VI, VII, and VIII of the Complaint pursuant to Rule 12(b)(6). Such claims are based on the Kano Design Elements and are therefore preempted by the Copyright Act. Construing the pleadings in the light most favorable to Kano, Kano alleges that its trade dress, i.e., the Kano Design Elements, comprise copyrightable subject matter. Therefore, 17 U.S.C. § 301(a) preempts Kano's Lanham Act and state law claims premised on the Kano Design Elements because the claims are within the scope of the subject matter of the Copyright Act, and concern rights that are equivalent to those granted by the Copyright Act.

Notwithstanding its Motion to Dismiss, ClenAir denies that it has engaged in any acts that constitute trademark infringement and/or lead to any liability under state or federal law. Furthermore, ClenAir denies that it has ever represented to purchasers that it manufactured

514311-02 - 4 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 4 of 9 PageID #: 203
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 4 of 9 PageID #: 213

Plaintiff's Aerokroil product. ClenAir also denies that it has taken any actions to mislead or confuse consumers whatsoever.

4. **Identification of the issues:**

a. Whether Plaintiff's trademarks and trade dress are entitled to protection under both the state and federal trademark acts;

b. Whether Defendant's trade name and trade dress are substantially or confusingly similar to that of Plaintiff;

c. Whether Defendant's conduct has created a likelihood of consumer confusion;

d. Whether Defendant's conduct can be classified as willful;

e. Whether Defendant's actions create the unreasonable risk that consumers will conclude that there exist some affiliation, connection, or association between Plaintiff and Defendant;

f. Whether Plaintiff has standing to assert infringement of an "amalgamation" mark;

g. Whether Plaintiff's alleged trade dress is protectable under state or federal law;

h. Whether Plaintiff has engaged in trade mark misuse;

i. Whether Plaintiff's state and Lanham Act claims are preempted by the Copyright Act;

j. Whether Plaintiff's Kano Design Elements are copyrightable and protectable under the Copyright Act;

k. Whether Plaintiff has engaged in copyright misuse;

l. Whether Plaintiff is entitled to an injunction against Defendant;

m. Whether Plaintiff has suffered any cognizable injury, and if so, the extent of it.

No issues have been resolved in this case.

514311-02    - 5 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 5 of 9 PageID #: 204
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 5 of 9 PageID #: 214

5.  **Need for other claims or special Federal Rules of Civil Procedure Issues:**

No cross-claims, third-party claims, joinder, or class action issues are anticipated in this litigation. While ClenAir's motion to dismiss Kano's complaint in its entirey is currently pending, ClenAir anticipates asserting, if necessary, several counterclaims against Plaintiff, including but not limited to counts based upon copyright misuse and trademark misuse and declaratory relief on the issues of non-infringement, unenforceability, and invalidity.

6.  **Witnesses, if known, subject to supplementation by each party.**

The parties will identify known witnesses in their initial Rule 26(a)(1)(A) disclosures.

7.  **Initial Disclosures and Staging of Discovery:**

The parties shall make their Rule 26(a)(1)(A) within fourteen (14) days from the date of the initial case management conference.

The deadline for completion of discovery, other than expert witness depositions, is October 31, 2013; written discovery will be served so that responses are due by that deadline. The party having the burden of proof on an issue at trial shall make expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by November 27, 2013. A party not having the burden of proof on an issue at trial shall make any rebuttal expert disclosures by January 3, 2014. Any expert witness depositions must occur by February 3, 2014. Any motion related to discovery, other than expert witness depositions, must be filed by January 3, 2014.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with Magistrate Judge Bryant. (The counsel requesting the conference shall check with opposing counsel as to availability before setting a time certain with the Court.)

514311-02
- 6 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 6 of 9 PageID #: 205
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 6 of 9 PageID #: 215

8. **Dispositive motions:**

All dispositive motions and <u>Daubert</u> motions shall be filed by the close of business on March 3, 2014, and any response thereto shall be filed by the close of business on April 4, 2014. Any reply shall be filed by the close of business on April 21, 2014. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

9. **Other deadlines:**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

10. **Subsequent case management conferences:**

A subsequent case management conference, to be conducted by telephone, shall be conducted on November 19, 2013, (at 9:30 a.m.) Plaintiff's counsel shall initiate the subsequent case management conference call.

11. **Alternate dispute resolution:**

The parties do not believe that alternative dispute resolution is appropriate in this case, however, in the event that the parties agree to consider alternative dispute resolution, the parties shall confer with the court.

514311-02 - 7 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 7 of 9 PageID #: 206
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 7 of 9 PageID #: 216

12. **Target trial date:** August 4, 2014

The case will be tried as a jury trial expected to last no more than 4 days. The parties request a trial date in August 2014.

It is so **ORDERED**.

_____
JOHN S. BRYANT
United States Magistrate Judge

514311-02
- 8 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 8 of 9 PageID #: 207
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 8 of 9 PageID #: 217

Approved for Entry:

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

s/ R. Alex Payne
Craig V. Gabbert, Jr. (TN# 4702)
Alexandra Coulter Cross (TN# 017726)
R. Alex Payne (TN# 031387)
333 Commerce Street, Suite 1500
Nashville, Tennessee 37201
Telephone: (615) 256-0500
Facsimile: (615) 251-1059
Email: cvg, acc, or rap@h3gm.com

Attorneys for Kano Laboratories, Inc.

and

BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.

Maia T. Woodhouse
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5753
Facsimile: (615) 744-5753
Email: mwoodhouse@bakerdonelson.com

s/ Adam S. Baldridge
Adam S. Baldridge
165 Madison Avenue, Suite 200
Memphis, TN 38103
Telephone: (901) 577-2102
Facsimile: (901) 577-0838
Email: abaldridge@bakerdonelson.com

Attorneys for ClenAir Manufacturing, Inc.

514311-02                            - 9 -
Case 3:12-cv-01209   Document 15   Filed 01/28/13   Page 9 of 9 PageID #: 208
Case 3:12-cv-01209   Document 17   Filed 01/31/13   Page 9 of 9 PageID #: 218