IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KANO LABORATORIES, INC., | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-01209 |
| | ) | |
| v. | ) | District Judge Campbell |
| | ) | Magistrate Judge Bryant |
| CLENAIR MANUFACTURING, INC., | ) | JURY DEMAND |
| Defendant. | ) | |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Kano Laboratories, Inc. ("Kano") for its Amended Complaint, filed pursuant to Fed. R. Civ. P. 15(A)(1)(b), against Defendant ClenAir Manufacturing, Inc., ("Defendant" or "ClenAir") hereby states as follows. This is an action at law and equity to remedy acts of trademark infringement and trademark dilution under 15 U.S.C. § 1114 *et. seq.*; unfair competition under 15 U.S.C. § 1125(a); infringement and unfair competition under the common law of the State of Tennessee and the Tennessee Trademark Statute, Tennessee Code Annotated §47-25-515 and §47-25-513; and deceptive trade practices and unjust enrichment in violation of the common law of the State of Tennessee.

## PARTIES

1. Plaintiff Kano Laboratories, Inc., is a Tennessee corporation with headquarters at 1000 E. Thompson Lane, Nashville, Tennessee 37211.

2. Defendant ClenAir Manufacturing, Inc., is a Pennsylvania corporation with headquarters located in Fort Washington, Pennsylvania, and registered agent for service of process listed as James Cunningham, Post Office Box 346, Ft. Washington, PA 19034.

1

## JURISDICTION AND VENUE

3. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051-1127 and jurisdiction in this Court is conferred in accordance with 15 U.S.C. § 1121. Supplemental jurisdiction is proper over the causes of action arising under Tennessee law because they are substantially related to those causes of action over which the Court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

4. Personal jurisdiction is proper in this Court because the Defendant has purposefully availed itself of the laws of the State of Tennessee and of this district by choosing to transact business herein. Further, upon information and belief, Defendant has taken the actions giving rise to the injury complained of herein in the State of Tennessee and this district, and thereby have committed and will continue to commit acts of infringement in the State of Tennessee and this district unless promptly enjoined by this Court.

5. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because a substantial part of the events giving rise to the claims in this action occurred within this district.

## FACTS

6. Kano Laboratories is a manufacturer of – among other products – various penetrating oil products used to liberate frozen metal parts in various mechanical and industrial uses, labeled for sale as "Kroil." Kano has been in business since 1939.

7. Kano distributes its products nationally and internationally, spends in excess of $1.4 million on advertising its products annually, and has used its unique trade dress and trademarks since 1939.

2

Case 3:12-cv-01209   Document 19   Filed 02/04/13   Page 2 of 17 PageID #: 223

8. Kano manufactures an aerosolized version of Kroil called "Aerokroil," a version of Kroil containing silicone, called "Silikroil," and "Penephite," a penetrating oil with graphite.

9. Kano's registered trademarks include Kano (three separate registrations), Kroil (Reg. No. 2708940), Aerokroil (Reg. No. 2708939), Penephite (Reg. No. 3777368), and "The Oil That Creeps" (Reg. No. 3778085). In addition, Kano utilizes specific trade dress for its products, including an orange can with a black and silver top, an oil drop graphic, italicized product font, and bullet-point text below the product name describing the product and its uses. A photograph demonstrating Kano's Aerokroil trade dress is attached hereto as <u>Exhibit A</u>. None of these trade dress features is essential to the use or performance of Kano's products.

10. ClenAir has been a distributor of Kano products, including Aerokroil. Through this distribution system, ClenAir has had access to Kano's product branding and marketing materials, as well as the products themselves.

11. Aerokroil is distributed by ClenAir under product code numbers beginning with the prefix "AK" followed by the size of the product container, such as "AK10" for Aerokroil 10 oz. can and "AK13" for Aerokroil 13 oz. can. The "AK" numbers are not Kano manufacturing numbers, but are ClenAir's distribution numbers for the Aerokroil line of products.

12. Aerokroil is frequently requested by consumers as "the penetrating oil in the orange can."

13. Kano's products, especially its Kroil line, have acquired significant nationwide famousness in the penetrating oil and related supplies markets.

14. On information and belief, Defendant ClenAir has begun manufacturing, advertising, and selling a competing penetrating oil product called "Penetroil."

3

15. As distributor, ClenAir conducts business in the state of Tennessee, buying and selling Kano products, its own products, and the products of other manufacturers to Tennessee customers.

16. ClenAir's Penetroil product has adopted substantially similar trade dress to that of Kano's products, including an orange can with a black and silver top, an oil drop graphic, italicized product font, and bullet-point text below the product name describing the product and its uses. A photograph demonstrating ClenAir's appropriated Aerokroil trade dress is attached hereto as <u>Exhibit B</u>.

17. "Penetroil" is an amalgamation of Plaintiff's "Aerokroil" and "Penephite" trademarks, and is substantially similar and confusing. The amalgamated word mark, both individually and in combination with the misappropriated Kano trade dress, creates a product trade dress that is substantially similar and confusing.

18. "Penetroil" and "Penephite" share similar appearance, spelling, and sound and are each used on penetrating oil products. "Penetroil" and "AeroKroil" share similar appearance and sound, and are each used on penetrating oil products.

19. "Penetroil" is a colorable imitation of each of Plaintiff's "Penephite" and "Aerokroil" registered trademarks, is used in commerce by Defendant in connection with sales of the same penetrating oil products sold under the Kano Aerokroil and Penephite trademarks, and is likely to cause confusion, or to cause mistake, or to deceive.

20. "Penetroil" is a colorable imitation of Plaintiff's individual "Penephite" and "Aerokroil" registered trademarks, is applied to labels, signs, prints, packages, wrappers, or advertisements used in commerce by Defendant in connection with sales of the same

penetrating oil products sold under the Kano Aerokroil and Penephite trademarks, and is likely to cause confusion, or to cause mistake, or to deceive.

21. Penetroil is distributed by ClenAir under the product code "AK12." Kano's product, Aerokroil is not sold in a 12 Oz. can.

22. On information and belief, ClenAir has represented, and is representing, Penetroil as an Aerokroil replacement.

23. On information and belief, ClenAir has told purchasers that it was the manufacturer of Aerokroil, but is now manufacturing Penetroil.

24. On information and belief, ClenAir, as an Aerokroil distributor, has altered the Aerokroil label, removing the Kano Laboratories contact information and representing ClenAir as the manufacturer, although ClenAir has never manufactured Aerokroil. A photograph demonstrating the ClenAir label on Aerokroil is attached hereto as Exhibit C.

25. This relabeling has resulted in mislabeled Aerokroil product being placed on shelves for sale to consumers in Nashville, Tennessee.

26. On information and belief, ClenAir has caused Aerokroil's advertising "mock-up" image to be altered, removing all references to Kano from the image. A screenshot of Johnstone Supply's online catalog, a Nashville, Tennessee supply company, wherein ClenAir is listed as the manufacturer of Aerokroil, the "AK" distribution number is listed as the manufacturing number, and a reference to "Kano Laboratories" has been blacked out on the picture is attached hereto as Exhibit D. The Kano advertising mock-up is not an actual photograph of an Aerokroil can as sold, and is only available to distributors upon request. The original advertising mock-up, altered in Exhibit D, is attached hereto as Exhibit E.

27. Plaintiff Kano has received multiple phone calls and e-mails from potential customers asking, among other related inquiries, (1) if Kano had been sold to ClenAir, (2) if Aerokroil had been discontinued, (3) if Penetroil is a Kano product, and (4) if Penetroil was truly an Aerokroil replacement.

28. On information and belief, ClenAir has undertaken a deliberate scheme to confuse and defraud consumers by representing that it manufactures Kano Products, and that it has "upgraded" its production of Aerokroil to Penetroil, so as to usurp Aerokroil's market position.

29. On information and belief, customers in Tennessee have ordered Penetroil from suppliers, thinking that Penetroil was either manufactured by Kano or a replacement for Aerokroil.

30. On information and belief, customers in Tennessee have ordered Aerokroil and been shipped Penetroil.

31. On information and belief, ClenAir has deliberately caused consumer confusion by, among other practices, advertising Penetroil while featuring a picture of Aerokroil and labeling Penetroil with an Aerokroil product code.

32. On September 12, 2012, Kano placed an order for Penetroil with R.E. Michel Company, a distributor in Nashville, Tennessee. Instead of receiving Penetroil, Plaintiff received a can of Aerokroil.

33. As a result of Defendant's conduct, consumers cannot be sure which product they are ordering or whether they will receive Kano's Aerokroil, Aerokroil with a ClenAir label, or ClenAir's Penetroil.

34. On at least two separate occasions, Kano has made a written demand upon ClenAir to cease and desist infringing upon Kano's trademarks, trade names, and trade dress. ClenAir has not complied with Kano's requests.

35. Defendant's actions have directly usurped Plaintiff's sales, have created consumer confusion, have harmed Plaintiff's reputation, and constitute irreparable harm in the absence of an injunction.

## Count I – Lanham Act Trademark Infringement

36. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

37. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*. Defendant's use of a confusingly similar product name constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b).

38. Defendant's name and packaging is so similar in terms of appearance, sound, meaning and connotation as to be deceptively similar to Plaintiff's trade name and trademarks under the meaning of 15 U.S.C. § 1114, and will cause confusion and lead to the deception of consumers as to the origin of Defendant's goods.

39. Defendant's use of the product name as alleged above is likely to cause and actually has caused confusion, mistake, and/or deception as to the source, sponsorship or approval of the Plaintiff, such that consumers are likely to believe that Defendant is in some way connected with, sponsored or licensed by or otherwise related to Plaintiff.

40. Defendant's use of Plaintiff's trademarks was made with actual and/or constructive knowledge of Plaintiff's rights in the trademarks given Plaintiff's trademark registration.

41. The conduct of Defendant was and is knowing, willful and intentional. As a result of Defendant's violation of Plaintiff's exclusive rights in and to the trade name and trademarks, Plaintiff is entitled to an injunction pursuant to 15 U.S.C. § 1116, prohibiting any further use of Plaintiff's trade name, as well as an award of Defendant's profits, damages sustained by Plaintiff, and the costs of this action as set forth in 15 U.S.C. § 1117.

42. Pursuant to 15. U.S.C. § 1118, Plaintiff is entitled to an order that all labels, signs, prints, packages, posters, flyers and advertisements in Defendant's possession bearing Plaintiff's trade name or trademarks or any confusingly similar trade name, trademark, or trade dress be delivered to Plaintiff for destruction.

43. Plaintiff is without an adequate remedy at law because Defendant's infringement has caused and will continue to irreparable injury to Plaintiff. Unless this Court enjoins Defendant's actions, Plaintiff will continue to suffer irreparable injury to its intellectual property rights and the erosion of its longstanding goodwill.

44. Because Defendant's actions constitute a willful violation of the Lanham Act, Plaintiff requests this Court to enter judgment for three (3) times the amount of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117. Additionally, because of the willful nature of Defendant's violation, this case is exceptional, entitling Plaintiff to an award of reasonable attorney fees, pursuant to 15 U.S.C. § 1117.

### Count II – Trade Dress Infringement

45. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

46. Kano's trade dress is used in commerce, and is non-functional, inherently distinctive, and has acquired secondary meaning in the marketplace.

47. Defendant, without authorization from Kano, has designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, competing products with product packaging that is confusingly similar to the trade dress of products manufactured by Kano.

48. The foregoing acts by Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Kano trade dress with Kano. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of Penetroil, or as to a possible affiliation, connection or association between Kano, the Defendant, and Penetroil.

49. Upon information and belief, Defendant has acted with knowledge of Kano's use and ownership of the Kano trade dress and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

50. Defendant's acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act at 15 U.S.C. § 1125(a).

51. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which Defendant is not entitled at equity or law.

52. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

53. Defendant's acts have damaged and will continue to damage Kano, and Kano has no adequate remedy at law.

### Count III – False Designation of Origin and False Advertising

54. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

55. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of Penetroil, together with Defendant's use of other indicia associated with Kano is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Penetroil, and is intended, and is likely to cause such parties to believe in error that Penetroil has been authorized, sponsored, approved, manufactured, endorsed or licensed by Kano, or that ClenAir is in some way affiliated with Kano.

56. The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act at 15 U.S.C. § 1125(a).

57. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which Defendant is not entitled at equity or law.

58. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

59. Defendant's acts have damaged and will continue to damage Kano, and Kano has no adequate remedy at law.

## Count IV – Trademark Dilution

60. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

61. Kano's trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

62. Kano's registered trademarks and trade dress are famous within the meaning of Section 43(c) of the Lanham Act at 15 U.S.C. § 1125(c) within the market which Kano's penetrating oil products are sold and marketed.

63. Defendant's use of Kano's trademarks and trade dress, without authorization from Kano, is diluting the distinctive quality of Kano's trademarks and trade dress and decreasing the capacity of such marks to identify and distinguish Kano products.

64. Defendant has intentionally and willfully diluted the distinctive quality of the famous Kano trademarks in violation of Section 43(c) of the Lanham Act at 15 U.S.C. § 1125(c).

65. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which Defendant is not entitled at equity or law.

66. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

67. Defendant's acts have damaged and will continue to damage Kano, and Kano has no adequate remedy at law.

## Count V – Tennessee Trademark Infringement

68. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

69. Defendant has used reproductions, counterfeits, copies or colorable imitations of a trademark or service mark in connection with the sale or offering for sale goods that are likely to cause confusion of the source of origin of the goods.

70. Defendant has reproduced, counterfeited, copied, or colorably imitated a trademark and trade dress and applied it to labels, signs, prints and other writings intended to be used in conjunction with the sale or distribution of good or services.

71. In violation of Tennessee Code Annotated § 47-25-501, *et seq.*, Defendant knowingly acted with the intent to cause confusion between its products and Plaintiff's products.

72. In violation of Tennessee Code Annotated § 47-25-513, Defendant has diluted the distinctiveness of Plaintiff's famous trademarks and trade dress.

73. In violation of Tennessee Code Annotated § 47-25-513, Defendant's acts of dilution have been willful, with full knowledge of Plaintiff's asserted trademark and trade dress rights.

74. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which Defendant is not entitled at equity or law.

75. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

76. Defendant's acts have damaged and will continue to damage Kano, and Kano has no adequate remedy at law.

**Count VI – Tennessee Deceptive Trade Practices and Unfair Competition**

77. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

78. Defendant has and is engaged in acts and practices that constitute violation of the prohibition against deceptive trade practices found in the Tennessee Consumer Protection Act, located at T.C.A. § 47-18-104 *et seq.*

79. Kano owns all rights, title, and interest in and to the Kano trademarks and trade dress, including all common law rights in such marks.

80. Defendant, without authorization from Kano, has used and is continuing to use product packaging and product names that are identical to, or substantially indistinguishable from, that trade dress and the marks owned and used by Kano for use with the manufacture, distribution and sale of penetrating and creeping oil products.

81. Defendant, in the course of its business or occupation have: a) passed off their goods as those of Kano; b) caused likelihood of confusion as to the affiliation, connection or association of their goods with those of Kano; c) caused likelihood of confusion of the source, sponsorship, approval or certification of their goods with Kano; d) used deceptive representation in connection with their goods; and e) represented that goods have sponsorship, approval, characteristics that they do not have.

82. Defendant's actions create the unreasonable risk that consumers will conclude that there exist some affiliation, connection, or association between Plaintiff and Defendant.

83. The natural and probable effect of Defendant's use of Plaintiff's trademarks, trade name, and trade dress in the manner alleged is to enable Defendant to deceive and confuse the public.

84. Defendant's unfair business practices are of a recurring nature and are harmful to the consumers and the public at large, as well as to Plaintiff. These practices constitute unlawful, unfair, fraudulent and deceptive business practices and unfair, deceptive, untrue

and misleading advertising. Unless enjoined by this Court, Defendant will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

85. Plaintiff is without an adequate remedy at law because Defendant's acts as set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

## Count VII – Tennessee Common Law Trademark Infringement

86. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if stated herein.

87. Kano's trademarks and trade dress are strong and distinctive and have been in use for many years and have achieved widespread recognition in the marketplace.

88. Through prominent, long, and continuous use in commerce, including commerce within the State of Tennessee, Kano's trademarks have become and continue to be distinctive.

89. Defendant's use of a confusingly similar mark in connection with the production, advertisement, and sale of Penetroil, a competing penetrating oil product, without authorization from Kano, are designed to deceive and mislead customers and to cause confusion as to the product's originator.

90. Defendant's use of a confusingly similar mark in connection with the production, advertisement, and sale of Penetroil, a competing penetrating oil product, without authorization from Kano, is diluting the distinctive quality of Kano's trademarks and trade dress and decreasing the capacity of such marks to identify and distinguish Kano products, causing a likelihood of harm to Kano's business reputation in violation of common law.

91. Defendant has diluted the distinctive quality of Kano's trademarks and trade dress.

14

92. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which Defendant is not entitled at equity or law.

93. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

94. Defendant's acts have damaged and will continue to damage Kano, and Kano has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests,

1. That the Defendant be held liable under each claim for the relief set forth in this Complaint;

2. That the Court preliminarily and permanently enjoin the Defendant, its agents, servants, employees, and attorneys and all other persons in active concert or participation with it from using Plaintiff's trademark, trade name, and trade dress, and any other confusingly similar variation of such trade name, as a trademark or service mark, or any advertising, distribution, sale or offering for sale of Defendant's products in any medium or manner whatsoever;

3. That the Defendant be required to pay to Plaintiff all damages it has suffered by reason of Defendant's unlawful acts set forth herein, in an amount to be proved at trial, but in any event no less than two million dollars ($2,000,000) together with legal interest from the date of accrual thereof;

4. That the Defendant be required to account for and pay to Plaintiff all profits derived by Defendant through its unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

5. That the Defendant be required to pay punitive damages to Plaintiff, as determined by this Court, for Defendant's deliberate and willful trademark infringement and unfair competition;

6. That the Defendant be required to pay to Plaintiff its reasonable attorney fees, pursuant to 15 U.S.C. § 1117, the Tennessee Consumer Protection Act, and the equitable powers of this Court;

7. That the Defendant be required to pay to Plaintiff the cost of this action;

8. That the Defendant be subjected to treble damages for its willful violation of the Lanham Act;

9. For any other general and further relief as may be considered by the Court.

        Respectfully submitted,

        HARWELL HOWARD HYNE
        GABBERT & MANNER, P.C.

        By:    s/ R. Alex Payne
                Craig V. Gabbert, Jr. (TN# 4702)
                Alexandra Coulter Cross (TN# 017726)
                R. Alex Payne (TN# 031387)
                333 Commerce Street, Suite 1500
                Nashville, Tennessee 37201
                Telephone: (615) 256-0500
                Facsimile: (615) 251-1059
                Email: cvg, acc, or rap@h3gm.com

                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 4, 2013, a true and correct copy of the foregoing document was filed electronically. Notice was served on the parties listed below via the Court's ECF system and/or via U.S. Mail, postage prepaid:

| | |
|---|---|
| Maia T. Woodhouse | Adam S. Baldridge |
| BAKER, DONELSON, BEARMAN, | BAKER, DONELSON, BEARMAN, |
| CALDWELL, & BERKOWITZ, P.C. | CALDWELL, & BERKOWITZ, P.C. |
| Baker Donelson Center, Suite 800 | 165 Madison Avenue, Suite 200 |
| 211 Commerce Street | Memphis, TN 38103 |
| Nashville, TN 37201 | abaldridge@bakerdonelson.com |
| mwoodhouse@bakerdonelson.com | |

s/ R. Alex Payne
R. Alex Payne