IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KANO LABORATORIES, INC. )
)
v. ) NO. 3-12-1209
) JUDGE CAMPBELL
CLENAIR MANUFACTURING, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Injunctive Relief and Damages (Docket No. 22). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

This action involves claims for trademark infringement, trademark dilution, unfair competition, deceptive trade practices and unjust enrichment. Plaintiff alleges causes of action under both Tennessee and federal law. Plaintiff claims that it is a manufacturer of, among other things, penetrating oil products, including a product called "Kroil" and products called "Aerokroil," "Silikroil," and "Penephite." Plaintiff asserts that it uses specific trade dress for its products, including an orange can with a black and silver top, an oil drop graphic, italicized product font, and bullet-point text below the product name.

Plaintiff avers that Defendant has been a distributor of Plaintiff's products and has had access to Plaintiff's branding and marketing materials as well as the products themselves. Plaintiff alleges that Defendant has begun manufacturing, advertising and selling its own competitive penetrating oil product called "Penetroil" and has adopted substantially similar trade dress to that of Plaintiff's products. Plaintiff contends that Defendant's conduct amounts to trademark infringement in

violation of the Lanham Act, Tennessee statutory law, and Tennessee common law; trade dress infringement in violation of the Lanham Act; false designation and advertising in violation of the Lanham Act; trademark dilution in violation of the Lanham Act; and violation of the Tennessee Consumer Protection Act ("TCPA").

Defendant has filed a Motion to Dismiss Plaintiff's Amended Complaint, arguing that Plaintiff's Lanham Act trade dress infringement claim and Tennessee Trademark Act claim should be dismissed for lack of standing and that Plaintiff's other trade dress claims should be dismissed as preempted by the Copyright Act.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

STANDING

Defendant argues that Plaintiff has no standing to assert a claim for trade dress infringement under 15 U.S.C. § 1114 because Plaintiff's trade dress is unregistered. The Supreme Court has stated that registration of a mark under the Lanham Act enables the owner to sue an infringer under 15 U.S.C. § 1114. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 120 S.Ct. 1339, 1342 (2000).

Plaintiff's Amended Complaint (Docket No. 19) does not allege trade dress infringement under 15 U.S.C. § 1114. The only claim in Count I (under 15 U.S.C. § 1114) is a claim for trademark and trade name infringement. Nowhere does Count I mention trade dress. Plaintiff's trade dress claim under the Lanham Act is brought in Count II, pursuant to 15 U.S.C. § 1125(a).

Therefore, Defendant's first standing argument is moot.

Defendant also contends that Plaintiff lacks standing to bring trademark or trade dress infringement claims under the Tennessee Trademark Act ("TTA") because Plaintiff has not registered its marks with the State of Tennessee. Defendant argues that the statute which provides a private right of action under the TTA applies only to the owner of a mark registered under Tennessee law: "Any owner of a mark registered under this part may proceed by suit to enjoin . . .." Tenn. Code Ann. § 47-25-514 (a).

Tennessee law also provides that any person who uses, without the consent of the *registrant*, an imitation of a mark *registered under the TTA* which is likely to cause confusion shall be liable in a civil action by the *registrant*. Tenn. Code Ann. § 47-25-512. "Registrant" under the TTA is defined as "the person to whom the registration of a mark under this part is issued." Tenn. Code Ann. § 47-25-501(6).

Plaintiff does not dispute that its trademarks and trade dress are not registered in Tennessee. Plaintiff argues that the TTA protection does not require registration with the Tennessee Secretary of State. Yet the statute says "registered under this part," i.e., the TTA. The Court finds that Plaintiff does not have standing to bring a claim under the Tennessee Trademark Act for its unregistered trademarks and trade dress. Therefore, Defendant's Motion to Dismiss the TTA claims is granted, and those claims are dismissed.[1]

PREEMPTION

Defendant next contends that Plaintiff's trade dress infringement claims are preempted by the Copyright Act. Plaintiff contends that Defendant is mischaracterizing Plaintiff's claims and failing to grasp the difference between trademark law and copyright law.

The Copyright Act provides that all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright are governed exclusively by the Copyright Act. 17 U.S.C. § 301. Under Section 301, a claim is preempted if (1) the work is within the scope of the subject matter of copyright[2] and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright law. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001).[3]

---

[1] Nothing about dismissal of the TTA claims affects Plaintiff's ability to bring its trademark and trade dress claims pursuant to Tennessee common law.

[2] The subject matter of copyright is specified in 17 U.S.C. §§ 102 and 103.

[3] Courts and commentators have described this preemption analysis as encompassing a subject matter requirement and a general scope or equivalency requirement. *Wrench*, 256 F.3d at 453.

4

The allegations of Plaintiff's Amended Complaint, which the Court must accept as true, relate to Plaintiff's trademark, trade name and trade dress. Plaintiff alleges that Defendant's infringement has caused confusion and deception for consumers. The touchstone of liability under Section 1114 of the Lanham Act is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties. *Tennessee Walking Horse Breeders' and Exhibitors' Ass'n. v. National Walking Horse Ass'n.,* 528 F.Supp.2d 772, 781 (M.D. Tenn. 2007). That is the issue presented by Plaintiff's Amended Complaint.

Moreover, Plaintiff's trademark, trade name and trade dress do not fall within the scope of the Copyright Act. Copyright law concerns works of authorship, such as literary works and musical compositions, including compilations and derivatives of such works. 17 U.S.C. §§ 102 and 103. Under copyright law, the author is protected from copying of his protected work. Under trademark law, the issue is largely about protecting consumers from confusion.

Plaintiff's Amended Complaint relies on the confusion caused by Defendant's use of the name "Penetroil" and the use of the orange can with a black and silver top, an oil drop graphic, italicized product font and bullet-point text below the product name. Plaintiff alleges that such substantially similar mark, name and dress infringes Plaintiff's trademarks, trade name and trade dress. Docket No. 19.

The Court finds that Plaintiff has sufficiently alleged violations of trademark law, both state and federal. Plaintiff's claims do not fall within the subject matter of the Copyright Act. Accordingly, Defendant's Motion to Dismiss based upon preemption is denied.

CONCLUSION

Defendant's Motion to Dismiss (Docket No. 22) is GRANTED in part and DENIED in part. Plaintiff's claims under the Tennessee Trademark Act for unregistered marks, names or dress are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE