IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KANO LABORATORIES, INC. )
)
v. ) NO. 3-12-1209
) JUDGE CAMPBELL
CLENAIR MANUFACTURING, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 32). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff is a manufacturer of, among other things, penetrating oil products, including a product called "Kroil" and products called "Aerokroil," "Silikroil," and "Penephite." Plaintiff asserts that it uses specific trade dress for its products, including an orange can with a black and silver top, oil drop graphic, italicized product font, and bullet-point text below the product name. Plaintiff alleges that Defendant has begun manufacturing, advertising and selling its own competitive penetrating oil product called "Penetroil" and has adopted substantially similar trade dress to that of Plaintiff's products. Plaintiff contends, among other things, that Defendant's conduct amounts to trade dress infringement in violation of the Lanham Act.

Defendant has filed for Partial Judgment on the Pleadings, contending that Plaintiff's claim for trade dress infringement should be dismissed for failure adequately to plead the requisite elements of such a claim.

MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

## TRADE DRESS INFRINGEMENT

Trade dress has been described by the Supreme Court as the design or packaging of a product which has acquired a secondary meaning sufficient to identify the product with its manufacturer or source. *Kenoe Component Sales, Inc. v. Best Lighting Products, Inc.*, 933 F.Supp.2d 974, 1011 (S.D. Ohio 2013). The Sixth Circuit has further described trade dress as referring to the image and overall appearance of a product, embodying that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise that makes the source of the product distinguishable from another and promotes its sale. *Id*. Trade dress involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics or even particular sales techniques. *Id*. (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764, n.1 (1992).

To recover for trade dress infringement, a party must show (1) the trade dress is not functional, (2) the trade dress is distinctive in the marketplace and has acquired secondary meaning, thereby indicating the source of the goods, and (3) the trade dress of the accused product is

2

substantially similar. *General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 414 (6th Cir. 2006). It will not do to solely identify in litigation a combination as the trade dress. Rather, the discrete elements which make up that combination should be separated out and identified in a list. "In requiring a list of discrete elements, we are looking to avoid vague and indeterminate references to the overall appearance or look of plaintiff's packaging." *Id*. at 415. The issue is whether the court and the parties can coherently define exactly what the trade dress consists of and determine whether that trade dress is valid and if what the accused is doing is an infringement. *Id*.

Citing a recent New York case which involved product design rather than product packaging, Defendant argues that Plaintiff's Amended Complaint contains only a non-exhaustive list of elements that allegedly comprise its trade dress. Plaintiff's Amended Complaint asserts that Defendant's allegedly infringing product "has adopted substantially similar trade dress to that of Kano's products, including an orange can with a black and silver top, an oil drop graphic, italicized product font, and bullet-point text below the product name describing the product and its uses." Docket No. 19, ¶ 16. The Amended Complaint also includes photographs of both Plaintiff's product and Defendant's allegedly infringing product. Docket Nos. 19-1 and 19-2.

The Court finds that Plaintiff's identification of the elements of its trade dress is not vague or indeterminate. The Court and the parties can coherently define exactly what trade dress Plaintiff is seeking to protect. Whether Defendant's trade dress is substantially similar is a question of fact for the factfinder.

Defendant also claims that Plaintiff has not pled sufficient facts to support that the trade dress is distinctive. Trade dress claims based on product packaging can be proven upon a showing of either inherent distinctiveness or secondary meaning. *Herman Miller, Inc. v. Palazzetti Imports and*

*Exports, Inc.*, 270 F.3d 298, 309 (6th Cir. 2001). In other words, trade dress can be distinctive in one of two ways: (1) trade dress is inherently distinctive if its intrinsic nature serves to identify a particular source, and (2) trade dress has acquired distinctiveness if it has developed secondary meaning, which occurs when, in the minds of the public, the primary significance of the trade dress is to identify the source of the product rather than the product itself. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210-11 (2000).

The packaging of a product may acquire a distinctiveness which serves to identify the product with its manufacturer or source. *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001). "The attribution of inherent distinctiveness to certain categories of product packaging derives from the fact that the very purpose of attaching a particular word to a product or encasing it in a distinctive packaging is most often to identify the source of the product." *Wal-Mart Stores*, 529 U.S. at 212 (2000).

The Court finds that Plaintiff's Amended Complaint sufficiently alleges the distinctiveness of its trade dress for purposes of a Motion for Judgment on the Pleadings. For example, Plaintiff alleges that it has used its unique trade dress since 1939 (Docket No. 19, ¶ 7); that its product is frequently requested by customers as the penetrating oil in the orange can (*Id*. at ¶ 12); that its products have acquired significant nationwide famousness in the penetrating oil and related supplies markets (*Id*. at ¶ 13); that its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace (*Id*. at ¶ 46); and that its trade dress is strong and distinctive, has been in use for many years, and has achieved widespread recognition in the marketplace (*Id*. at ¶ 87).

Defendant has identified no heightened pleading requirement for the distinctiveness element of a trade dress claim, and the question of whether Plaintiff's trade dress is distinctive is a question to be determined on the proven facts, not on the pleadings.

Finally, Defendant argues that Plaintiff has not sufficiently pled that its trade dress is non-functional. A trademark is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. *Maker's Mark Distillery, Inc. v. Diageo North America, Inc.*, 679 F.3d 410, 417-18 (6th Cir. 2012). This inquiry is factual in nature. *Id.* at 418

Although a trade dress's nonfunctional nature must be *proven* by the party asserting the trade dress protection, there is no heightened *pleading* standard for this element of Plaintiff's claim. Plaintiff does not have to rebut the presumption identified by Defendant (that features are deemed functional until proven otherwise) at this stage of the case. The Court finds that Plaintiff's Amended Complaint sufficiently asserts the non-functionality of its trade dress. For example, after describing the elements of its trade dress, Plaintiff alleges that none of these trade dress features is essential to the use or performance of Plaintiff's products. Docket No. 19, ¶ 9. In addition, the plain appearance of the product packaging (in photos attached to the Amended Complaint) shows that the trade dress is at least arguably non-functional. *See, e.g.,General Motors*, 468 F.3d at 417.

## CONCLUSION

For these reasons, Defendant's Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5